# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2022

Lyle W. Cayce
Clerk

No. 21-60392
Summary Calendar

Ronaldo Pelico-Ajtun,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 144 372

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Ronaldo Pelico-Ajtun, a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60392

Convention Against Torture (CAT). He challenges the BIA's determination that he was ineligible for asylum and withholding of removal because he failed to show either past persecution or a well-founded fear of future persecution based on his membership in a particular social group (PSG). He fails to present argument challenging, and thus abandons any issue he may have had concerning, the BIA's rejection of his CAT claim. *See Jaco v. Garland*, 24 F. 4th 395, 401 n.1 (5th Cir. 2021).

His challenge to the denial of asylum and withholding is reviewed under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Pelico-Ajtun has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether he showed a nexus between his PSG and the harm alleged. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Zhang*, 432 F.3d at 344. Accordingly, he has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether he showed eligibility for asylum or withholding. *See Elias-Zacarias*, 502 U.S. at 483; 8 U.S.C. § 1229a(c)(4)(B); *Vazquez-Guerra v. Garland*, 7 F. 4th 265, 271 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). The petition for review is DENIED.